IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROGER JAY JONES, II,  )<br>  )<br>   Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>  )<br>HEATH TAYLOR, et al.,  )<br>  )<br>   Defendants.  ) | CIVIL ACTION NO. 3:20-CV-005-MHT<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

Roger Jay Jones, II, ("Jones"), an indigent inmate confined in the Russell County Jail, initiated this 42 U.S.C. § 1983 action on January 2, 2020. In this civil action, Jones challenges the constitutionality of a search of his residence. He also alleges the defendants violated his constitutional right to equal protection by their failure to allow him to file a report regarding an alleged theft of property from his residence and their failure to conduct an investigation into the theft simply because he is a pretrial detainee. Jones further complains that various items of his personal property were stolen because upon completion of the search of his residence the defendants failed to secure the residence which violated his due process rights. Finally, Jones contends the actions of the defendants deprived him of the right to access the courts regarding potential criminal charges related to the theft of his property. In his complaint, Jones seeks issuance of a preliminary injunction "ordering

Defendant Heath Taylor (RCS) to file a report on the crime against [him] and to have this crime fully investigated." Doc 1 at 7.

The court directed the defendants to show cause why the motion for preliminary injunction should not be granted. Doc. 8. In response to this order, the defendants maintain that the Russell County Sheriff's Department undertook an investigation into Jones' claims regarding an alleged theft of property and submitted affidavits and jail records to support this assertion. Docs 19-1–19-3.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Jones demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *All Care Nursing Service, Inc. v. Bethesda*

*Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion on each of the prerequisites).

Upon consideration of the motion for preliminary injunction and after review of the defendants' response to the motion, the undersigned finds that the motion for preliminary injunction is due to be denied.

### III.  DISCUSSION

In their response, the defendants contend that law enforcement personnel investigated the claims made by Jones regarding the theft of his property. Specifically, defendant Barr filed an affidavit addressing the claims for preliminary injunctive relief which states, in relevant part, as follows:

> Jones is a pretrial detainee and was booked in to the Russell County Jail on February 1, 2019. Plaintiff was arrested following calls regarding a shooting occurring at 22 Will Avenue in front of Lot 2, Phenix City, Alabama. Plaintiff was detained by the Phenix City Police Department following a vehicle chase which resulted in Jones crashing his vehicle.
> Jones was questioned the evening of January 31, 2019, extending in to the morning of February 1, 2019 regarding the incident. During questioning, Jones stated that windows to his trailer had been shot out by either Jones himself or others prior to that evening.
> Investigators obtained a search warrant to search both the trailer in question and Jones' vehicle. I interviewed Jones twice on February 1, 2019 and personally witnessed the condition of the trailer that same day. The front door of the trailer did not lock and did not appear to be secure in anyway. Additionally, another individual had access to this trailer and appeared to be living on the premises. The trailer was in significant disarray at this time.
> On June, 6, 2019 Jones filed a grievance in the jail's inmate kiosk system related to stolen property at his trailer and that his mother had been

3


denied the opportunity to file a police report related to the matter. He states that he has filed multiple grievances related to this matter. The Grievance Log in the inmate kiosk system shows that this matter was assigned to investigations which received a reply from Chief Deputy William Alexander. Alexander's response states that the Russell County Sheriff's office does not turn away those that wish to report a crime. Further, an investigator went to the jail to speak with Jones about this matter.

Investigators regularly met with Jones to attempt to obtain a coherent story that investigators could act on regarding theft of property. Jones would change his story and the timeline of when property was stolen. Timelines given by Jones for when property was stolen did not match the timeline of his incarceration. Jones was also not consistent when describing which items were actually stolen from his trailer. Investigators regularly met with Jones in response to grievances filed within the jail kiosk system to try to obtain a story containing consistent elements that investigators could then look in to further. However, Jones could never provide a credible and consistent story to act on further.

Following these regular interviews and communications with Jones, it was determined that there had not been enough evidence presented or alleged by Jones to proceed beyond this stage. This matter was investigated by our office to the extent that was appropriate and given the fact that another individual appeared to have access [to the residence], the condition of the trailer, and the inconsistent nature of Jones' complaints, I believe this matter to be fully investigated. If credible information is presented to our office, we will commence further investigation as is appropriate.

Doc. 19-2 at 2–4 (paragraph numbering omitted).

Initially, as to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Jones has failed to demonstrate a substantial likelihood of success on the merits of his claims. Jones likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would have an unduly adverse effect on the ability

of law enforcement officers to exercise their professional judgment in determining the most appropriate manner in which to proceed with investigations of alleged criminal offenses. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Jones has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

### IV.  CONCLUSION

Accordingly, it is ORDERED that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the Magistrate Judge for additional proceedings.

On or before **May 7, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendation of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and

those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 23rd day of April, 2020.

                                        /s/  Charles S. Coody
                                    UNITED STATES MAGISTRATE JUDGE