IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
ROGER JAY JONES, II,           )
                               )
     Plaintiff,                )
                               )      CIVIL ACTION NO.
     v.                        )         3:20cv5-MHT
                               )            (WO)
HEATH TAYLOR (Sheriff),        )
et al.,                        )
                               )
     Defendants.               )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a prisoner, filed this lawsuit claiming that the defendant sheriff and deputy sheriffs violated his constitutional rights of access to courts, due process, and equal protection by failing to secure his property after the execution of a search warrant on his home, leading to the theft and pawning of his property, and refusing to allow him to file of a report of the theft of his property, which he says would have allowed his mother to reclaim the property from the pawn shop on his behalf.  This lawsuit is now before the court on

the recommendation of the United States Magistrate Judge that defendants' motion for summary judgment be granted. Also before the court are plaintiff's objections to the recommendation. After an independent and de novo review of the record, the court concludes that objections should be sustained to the extent set forth below, and the magistrate judge's recommendation should be adopted in part and rejected in part as to the reasoning and adopted in full as to the result.

Plaintiff's objections are sustained to the extent that he points out disputed facts in the record what were overlooked in the recommendation. As plaintiff points out in his objections, the recommendation incorrectly presents certain factual assertions made by defendants and their witnesses as "undisputed." *See* Recommendation (Doc. 47) at 3 and 11; *see also id*. at 3-5 (continuing to present "undisputed" facts); *id*. at 11-12 (same). However, the magistrate judge appears to have overlooked a sworn and notarized affidavit filed

2

by plaintiff that substantially contradicts defendants' account of the facts, and another affidavit made under penalty of perjury. *See* Plaintiff's Notarized Affidavit (Doc. 37); Plaintiff's "Second" Affidavit (Doc. 42) at 9-12. Based on the disputed facts presented by defendants, the recommendation makes definitive factual findings and explains its legal conclusion in light of those findings. *See* Recommendation (Doc. 47) at 11-12. In doing so, the recommendation violates the fundamental precept that, at summary judgment, the evidence and all reasonable inferences therefrom must be taken in the light most favorable to the non-moving party. *See McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

In any case, the court agrees with the remainder of the legal analysis of plaintiff's claims and finds that plaintiff has failed to submit sufficient evidence to establish the existence of a genuine issue of material

3

fact as to any of his claims, as required by Federal Rule of Civil Procedure 56 to survive a motion for summary judgment.  Specifically, as to his "class of one" equal-protection claim, plaintiff has failed to submit sufficient evidence for a reasonable finder of fact to conclude that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  He has not presented any evidence of a similarly situated person who was treated differently.  Accordingly, the court finds that summary judgment is appropriate.

An appropriate judgment will be entered.

DONE, this the 24th day of March, 2023.

                                                  /s/ Myron H. Thompson
                                        UNITED STATES DISTRICT JUDGE